WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Maloney,<br><br>              Plaintiff,<br><br>v.<br><br>Mary Beth Blair,<br><br>              Defendant. | No. CV 12-01955-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant's Motion to Dismiss or Allow by Phone (Doc. 11). Plaintiff has filed a Response to the Motion (Doc. 12). The Court now rules on the Motion.

At the outset, the Court notes that Plaintiff is appearing pro se in this matter and Defendant filed the currently pending "Motion to Dismiss or Allow by Phone" pro se.

**I.      PROCEDURAL BACKGROUND**

On September 14, 2012, Plaintiff, pro se, filed a Complaint against Defendant. On October 9, 2012, Defendant, pro se, filed an Answer to the Complaint. In her Answer, Defendant argued that the Complaint should be dismissed because it is based on "fabrications and untruths." Defendant further asserted that Plaintiff is stalking and harassing her and the Complaint in this lawsuit is another method of accomplishing that goal.

The Court then set a Rule 16 Scheduling Conference. Thereafter, Plaintiff moved to strike Defendant's Answer, moved for sanctions based upon Defendant filing an

Answer, and requested that Defendant be arrested "criminality[sic]." The Court then denied Plaintiff's Motion to Strike and Motion for Sanctions.

Defendant then filed the currently pending Motion to Dismiss. In her Motion to Dismiss, Defendant requests that the Court dismiss the case or allow her to appear for the Rule 16 Scheduling Conference telephonically because she lives in Washington and does not want to appear in person with Defendant, who she asserts is stalking her.[1]

Because Defendant has already answered, the Court construes her Motion to Dismiss as a Federal Rule of Civil Procedure 12(c) Motion for Judgment on the Pleadings. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."); Fed. R. Civ. P. 12(h)(2)(B) (a motion for failure to state a claim may be brought in a Rule 12(c) motion).[2]

## II.   LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d

---

[1] In his Response to the Motion to Dismiss, Plaintiff asserts that he is unable to appear at the Rule 16 Scheduling Conference in this matter because Defendant obtained a restraining order against Plaintiff in King County, Washington. Plaintiff further requests that the Court somehow remove the action in which the restraining order was issued from the King County Superior Court and join that action with this case. Plaintiff fails to cite to any relevant legal authority that would allow this Court to take jurisdiction over and/or consolidate this action with a case pending in King County Superior Court.

[2] Alternatively, the Court finds that Defendant asserted the defense that Plaintiff failed to state a claim in his Complaint in her Answer and thus, did not waive that defense by filing her Answer before filing her Motion to Dismiss. *See Hillis v. Heineman*, 626 F.3d 1014, 1019 (9th Cir. 2010) ("We endorse the general rule that the assertion of alternative defenses in an answer, or the assertion of claims in a counterclaim or a third-party claim, will not waive a defense that has been asserted previously or contemporaneously in an answer."); *cf. Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (the Court construes pro se filings liberally). The result of this case would not change if the Court treated this motion as a motion made under Federal Rule of Civil Procedure 12(b)(6) rather than Federal Rule of Civil Procedure 12(c).

922, 925 (9th Cir. 2009). When considering a Rule 12(c) motion, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Id.* Further, because the standard for dismissal is "functionally identical" to the standard under Rule 12(b)(6), *United States ex rel. Caffasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011), a court must "inquire whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." *Id.* at 1054 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009)). In other words, dismissal pursuant to Rule 12(c) is inappropriate in circumstances in which, if the facts were as pleaded, they would entitle the plaintiff to a remedy. *Merchs. Home Delivery Serv., Inc. v. Frank B. Hall & Co., Inc.*, 50 F.3d 1486, 1488 (9th Cir. 1995).

### III.   ANALYSIS

Although Plaintiff's Complaint alleges numerous facts about his relationship with Defendant, Plaintiff only attempts to assert two causes of action against Defendant, namely, breach of oral contract and negligence. Likewise, in his Response to Defendant's Motion to Dismiss, Plaintiff reiterates that the two causes of action in his Complaint are breach of oral contract and negligence.

Assuming all of the facts in Plaintiff's Complaint are true, the Court will examine whether Plaintiff has stated claims for breach of contract and negligence.

To state a claim for breach of contract, a plaintiff must allege the formation of a contract, its breach, and damages. *Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. Ct. App. 2004). Further, to satisfy Arizona's Statute of Frauds, an action may not be brought for breach of an agreement for the sale of real property or an interest therein unless the agreement or some memorandum thereof, is in writing and signed by the party to be charged. Ariz. Rev. Stat. Ann. § 44-101(6).

In his Complaint, Plaintiff alleges that he was in a relationship with Defendant and they "talked about buying a home in Arizona together." (Doc. 1 at ¶ 6). Plaintiff alleges that "[t]hey discussed buying a home together and splitting all costs, including down

payment, closing costs, rent, etc." (*Id.*). Plaintiff alleges that he then entered into an agreement with a third-party seller to purchase a home in Peoria, Arizona (the "Peoria home") and only his "name was on the paperwork pertaining to the purchase of the Home." (*Id.* at ¶¶ 7-11). Plaintiff alleges that he and Defendant then moved into the Peoria home. (*Id.* at ¶ 11).

Plaintiff alleges that, after about two months of living in the Peoria home, Defendant decided she did want to live in Arizona and moved to California. (*Id.* at ¶ 13). Plaintiff alleges that, around the time of Defendant's move, Defendant called the Peoria Police Department and filed a false complaint against Plaintiff. (*Id.* at ¶ 14). Plaintiff alleges that the police responded to the call and allowed Defendant to choose any possessions in the home to take with her to California. (*Id.* at ¶ 14). Plaintiff alleges that, over the course of the next four years, Plaintiff and Defendant lived together "on and off" in the Peoria home. (*Id.* at ¶ 15).

Under the Count entitled "Breach of Oral Contract," in his Complaint, Plaintiff alleges that Defendant

> had a contractual duty to perform and complete the purchase of the home in conformance with the contract oral agreement . . . . The plaintiff made an offer to defendant. The defendant accepted the offer and consideration was made with the full understanding of the value at stake. . . . As a direct and proximate result of the Defendants' [sic] breaches of contract, the Plaintiff has incurred and continues to incur damages, including attorneys' fees and court costs.

(*Id.* at ¶¶ 24-27).

Likewise, under the Count entitled "Negligence" in his Complaint, Plaintiff alleges: "A duty requiring the defendant to conform to a standard of care. A breach of the defendant of that standard has occurred. A casual [sic] connection between the defendant's conduct and the resulting injury has resulted in actual damages." (Doc. 1 at ¶¶ 28-29).

In Response to the Motion to Dismiss, Plaintiff asserts that his allegations that

"[Plaintiff and Defendant] discussed buying a home together and splitting all costs, including down payment, closing costs, rent, etc." and "Defendant spent time looking at homes and finally found a home in Peoria, Arizona [that Plaintiff and Defendant] both agreed upon" state a claim for breach of contract. (Doc. 12 at 7-8).  In his Response to the Motion to Dismiss, Plaintiff also asserts that he alleged that Defendant breached the contract, when he alleged that "Defendant had been into the Kent Police Department and requested that they ask Defendant to stop harassing her family in California. Plaintiff had not been nor has he ever harassed Plaintiff or her family. Defendant wanted a restraining order" (Doc. 12 at 8). Plaintiff argues that "[t]his was the breach as [Defendant] no longer wanted any contact with Plaintiff." (Doc. 12 at 8).

With regard to his negligence claim, in Response to Defendant's Motion to Dismiss, Plaintiff asserts that "[i]n the case before us the defendant failed to conform to the standard of care under the contract and plaintiff was thus damaged." (Doc. 12 at 10).

First, in both his Complaint and in his Response to Defendant's Motion to Dismiss, Plaintiff correctly identifies the essential elements of a breach of contract claim and a negligence claim. However, aside from reciting the elements of the two causes of actions and making conclusory statements that his allegations fit within those elements, Plaintiff has failed to state or identify any facts that would allow the Court to draw the reasonable inference that defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and holding that a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citation omitted).

In his Complaint, Plaintiff does not plead any facts stating that he and Defendant entered into a contract. Plaintiff simply alleges that he and Defendant discussed buying a house together and they lived together in the house for certain periods of time. At no time does Plaintiff allege an offer, an acceptance, consideration for such offer and

1 acceptance, breach of any specific terms of a contract, or damages incurred as a result of 2 the breach.  Although, in his Response to the Motion to Dismiss, Plaintiff argues that he 3 has stated facts sufficient to state a claim for breach of contract, the facts that Plaintiff 4 points to do not show formation of a contract, breach of a contract, or damages resulting 5 from such breach.  Moreover, even if Plaintiff had alleged any facts showing the 6 existence of an *oral* contract, which he did not, Arizona's Statute of Frauds prevents him 7 from bringing an action for breach of contract regarding an interest in real property, 8 unless such contract is in writing and signed by the party to be charged (in this case, 9 Defendant).  Accordingly, Plaintiff has failed to state a claim upon which relief can be 10 granted for breach of contract.

11 Plaintiff's negligence claim suffers from the same defects as his breach of contract 12 claim.  Although Plaintiff correctly identifies the elements of a negligence claim, his only 13 assertion of a fact supporting a negligence claim (made in his Response to Defendant's 14 Motion to Dismiss and not in the Complaint itself), is that "defendant failed to conform to 15 the standard of care under the contract and plaintiff was thus damaged."  This claim 16 appears to be Plaintiff's breach of contract claim reiterated as a negligence claim.  Even if 17 this claim were independent of the breach of contract claim, Plaintiff has failed to 18 identify any duty requiring Defendant to conform to a certain standard of care, any 19 breach by defendant of that standard, any causal connection between defendant's conduct 20 and any resulting injury, or any actual damages.  *See Gipson v. Kasey*, 150 P.3d 228, 230 21 (Ariz. 2007) (identifying the elements of a negligence claim).  Accordingly, Plaintiff has 22 failed to state a claim upon which relief can be granted for negligence.

23 **IV.    CONCLUSION**

24 Based on the foregoing,

25 **IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 26 11) is granted.  The claims in the Complaint are dismissed with prejudice.

27 **IT IS FURTHER ORDERED** vacating the Rule 16 Scheduling Conference 28 currently set for December 17, 2012 at 10:00 a.m.

1  The Clerk of the Court shall enter judgment for Defendant accordingly.

2  Dated this 7th day of December, 2012.

_____
James A. Teilborg
United States District Judge

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28